IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| KATHY M. GEORGE, on behalf of the a ESTATE OF TORY BRADSHAW, <br><br>Plaintiffs, <br><br>v. <br><br>BEAVERY COUNTY et al, <br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM MOTION TO TAKE ADDITIONAL DEPOSITIONS <br><br>Case No. 2:16-cv-1076 <br><br>District Judge Ted Stewart <br><br>Magistrate Judge Brooke Wells |
|---|---|

This matter is referred to the undersigned in accordance with 28 U.S.C. 636(b)(1)(A) from Judge Ted Stewart.[1] Pending before the court is Plaintiffs Motion to Take Additional Depositions.[2] As set forth below the court will deny the motion.

This suit arises from a jail suicide. On September 28, 2018, Defendants produced for the first time, five shift change reports. On account of their late production Ms. George seeks to "take and/or re-take the depositions of Sheriff Noel; Officer Higgins; Officer Barney; Officer Hussey; Officer Bealer; Officer Robinson; and Detective Houchen."[3] Plaintiff argues these depositions are necessary because of the late production of the shift change reports, which according to Plaintiff, are material to Mr. Bradshaw's suicide.[4] Defendants agree that they made a mistake in not producing the shift change reports earlier. Defendants, however, argue Plaintiff

---

[1] ECF No. 56.

[2] ECF No. 55.

[3] Mtn. p. 3.

[4] *See id.* at p. 2.

"cannot show that the information contained in these reports should lead to adding seven new depositions."[5]

Central to this dispute are the Federal Discovery rules. Rule 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Additionally, Rule 30(a)(2)(A), which is to be applied in conjunction with Rule 26(b), governs the use of depositions. Of note here, is that a "party must obtain leave of court, … if the parties have not stipulated to the depositions and: (i) the deposition would result in more than 10 depositions being taken under this rule … by the plaintiff."[7] Further, if a "deponent has already been deposed in the case"[8] a party must also obtain leave of court to retake a deposition.

To date, much discovery has already taken place in this case. Plaintiff has taken thirteen depositions and two re-depositions – those of Tyler Fails and Randi Rose. Ten depositions is the standard set forth by Rule 30. Thus, Plaintiff has already exceeded that number by five. Defendants readily recognize their mistake and have already permitted Plaintiff to take or re-take the depositions of Corp. Rose; Lt. Fails; Officer Davis; Officer Bastian; Officer Arevalo, and for

---

[5] ECF No. 57.

[6] Fed. R. Civ. P. 26(b)(1); *see also Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion.") (quotations and citations omitted).

[7] Fed R Civ. P. 30(a)(2)(i).

[8] *Id.* at (a)(2)(ii).

the first time Deputy Adam Davis. In addition, Defendants agree to Plaintiff "deposing William Arevalo and Nathan Bastianto" if it is done in a timely manner.

In considering the proportionality requirements of Rule 26, the burden seven additional depositions would place on the parties, and the discovery history of this case, the undersigned is not persuaded that the additional seven depositions should occur. Plaintiff has failed to show that the shift change reports require the additional depositions. The court will, however, permit the additional depositions agreed to by Defendants. These are to be scheduled in a timely manner.

## ORDER

It is hereby ORDERED that Plaintiffs Motion to Take Additional Depositions is DENIED.

DATED this 12 December 2018.

Brooke C. Wells
United States Magistrate Judge