IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHY M. GEORGE, on behalf of the ESTATE OF TROY BRADSHAW,<br><br>Plaintiff,<br><br>v.<br><br>BEAVER COUNTY, by and through the Beaver County Board of Commissioners; CAMERON M. NOEL, TYLER FAILS, and DOES 1-10, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE AND TO EXTEND TIME TO SERVE DEFENDANT ROSE<br><br>Case No. 2:16-CV-1076 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Scheduling Conference and to Extend Time to Serve Defendant Rose. For the reasons discussed below, the Court will grant the Motion in part and will extend the time to serve Defendant Rose.

I. BACKGROUND

On January 11, 2019, the Court granted Plaintiff leave to file a Second Amended Complaint naming Randi Rose as a Defendant. Plaintiff has not served Rose, and the parties dispute who is to blame. Plaintiff now requests the Court set this matter for a scheduling conference and extend the time to serve Rose.

II. DISCUSSION

Federal Rule of Civil Procedure 4(m) requires a defendant be served within 90 days of a complaint being filed. If a defendant is not served within that time, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified

1

time."[1]  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[2]

If a plaintiff can show good cause, an extension of time is mandatory.[3]  In order to demonstrate good cause, a plaintiff "must show meticulous efforts to comply with the rule."[4] "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service."[5] Further, "[m]istake of counsel or ignorance of the rules also usually do not suffice."[6]

Defendants argue that Plaintiff cannot show good cause.  To her credit, Plaintiff admits that she "probably cannot meet the good cause threshold."[7]  Based upon this concession, the Court concludes that Plaintiff has failed to show she is entitled to a mandatory extension.

The "failure to show good cause for a mandatory extension of time does not end the inquiry under Fed. R. Civ. P. 4(m)."[8]  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."[9]  The Court has the discretion to "either dismiss the case without prejudice or extend the time for service."[10]

---

[1] Fed. R. Civ. P. 4(m).

[2] *Id.*

[3] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[4] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

[5] *Id.*

[6] *Id.*

[7] Docket No. 95, at 5.

[8] *Espinoza*, 52 F.3d at 841.

[9] *Id.*

[10] *Id.*

Courts consider a variety of factors in making this determination, including:

(1) whether the statute of limitations for claims against the unserved defendant has expired; (2) the complexity of the relevant requirements under Rule 4(j), particularly when a plaintiff is proceeding pro se; (3) whether plaintiff has made a good-faith effort to attempt service; (4) whether a defendant attempted to avoid service; (5) whether defendant had actual notice of the claims against it; and (6) whether a defendant has shown actual prejudice caused by the delay in service.[11]

Permissive extension may be justified where the statute of limitations would bar the action.[12] Here, Plaintiff represents that the statute of limitations has likely expired. Therefore, failure to grant an extension would bar her claims against Rose. This factor weighs in favor of an extension. Additionally, the Court has previously found that "it is reasonable to assume that Corporal Rose was notified or knew of the existence of this suit within the relevant time period."[13] Finally, Defendants point to no actual prejudice caused by the delay in service. Therefore, the Court will grant Plaintiff an extension to serve Defendant Rose.

Plaintiff also requests the Court conduct a scheduling conference. The Court agrees with Defendants that this request is premature. If, after serving Rose, the parties cannot agree on a proposed scheduling order, they can contact the Magistrate Judge to set this matter for a scheduling conference.

---

[11] *McCellan v. Bd. of Cty. Comm'rs of Tulsa Cty.*, 261 F.R.D. 595, 604–05 (N.D. Okla. 2009) (internal citation omitted).

[12] *Espinoza*, 52 F.3d at 842 (stating that "the district court should consider the limitations period in deciding whether to exercise its discretion under Rule 4(m)"); *see also* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("Relief may be justified . . . if the applicable statute of limitations would bar the refiled action.").

[13] Docket No. 68, at 11–12.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Scheduling Conference and to Extend Time to Serve Defendant Rose (Docket No. 95) is GRANTED as set forth above.  Plaintiff is ordered to serve Defendant Rose by March 30, 2020.

DATED this 10th day of March, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge