IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHY M. GEORGE, on behalf of the ESTATE OF TROY BRADSHAW,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BEAVER COUNTY, by and through the Beaver County Board of Commissioners; CAMERON M. NOEL, RANDALL ROSE; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ROSE'S MOTION TO DISMISS<br><br>Case No. 2:16-CV-1076 TS-CMR<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on a Motion to Dismiss filed by Defendant Rose. For the reasons discussed below, the Court will deny the Motion.

I.　BACKGROUND

　　　　This case arises out of the death of Troy D. Bradshaw ("Bradshaw") at the Beaver County Correctional Facility. Plaintiff initially brought suit against Beaver County, Cameron Noel, the Beaver County Sheriff, and Tyler Fails, a jail employee. On January 11, 2019, the Court granted Plaintiff leave to file a Second Amended Complaint naming Rose as a Defendant in place of Fails. Plaintiff filed her Second Amended Complaint on February 5, 2019, but did not immediately serve it on Rose.

　　　　Thereafter, the other Defendants—Beaver County and Sherriff Noel—sought summary judgment. The Court entered summary judgment in their favor on August 19, 2019. In its Order, the Court stated that the case would proceed against Defendant Rose and directed the parties to submit a proposed schedule for the resolution of Plaintiff's claims against him.

1

On September 9, 2019, Plaintiff filed a motion seeking, among other relief, an extension of time to serve Defendant Rose, who had still not been served. The Court granted Plaintiff's request and extended the time to serve Defendant Rose. Defendant Rose has now been served and files the instant Motion.

## II.  STANDARD OF REVIEW

Both parties have submitted materials outside the pleadings. Therefore, the Court will treat Plaintiff's Motion as one under Federal Rule of Civil Procedure 56.[1] Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[3] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[4]

## III.  DISCUSSION

Defendant seeks dismissal on two grounds: (1) that Plaintiff's claims against him are barred by the statute of limitations; and (2) by the time he was served, final judgment had been entered as a matter of law. Both arguments are considered below.

---

[1] *See* FED. R. CIV. P. 12(d).

[2] FED. R. CIV. P. 56(a).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[4] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

A.     STATUTE OF LIMITATIONS

Defendant first argues that Plaintiff's claims are barred by the applicable statute of limitations and do not relate back to the date of the original Complaint.  Plaintiff argues that Defendant's arguments, having already been addressed by the Court, are barred by the law of the case doctrine, which "generally requires the court to adhere to the rule throughout the proceedings."[5]

Defendant recognizes that the Court has previously ruled on the issues presented in his Motion when it allowed Plaintiff to file a Second Amended Complaint.  However, he argues that the Court should consider his newly produced declaration "to examine some new facts that were previously unavailable, and applying the same legal standard, reach a different result."[6]

The Court agrees that Defendant's argument is not barred by the law of the case.  That doctrine is not an "inexorable command" and "[c]ourts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced."[7]  Further, as Defendant points out, the Court has the authority to reexamine all interlocutory orders prior to the entry of final judgment.[8]

Though styled as a Motion to Dismiss, Defendant's Motion is better classified as a motion to reconsider.  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to

---

[5] *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

[6] Docket No. 109, at 3.

[7] *Major*, 647 F.3d at 112.

[8] Docket No. 109, at 2; *see also* FED. R. CIV. P. 54(b).

3

correct clear error or prevent manifest injustice."[9] Curiously, Defendant argues that his Motion is not a motion to reconsider because he was not a party to this action when the Court issued its prior ruling. Defendant cites no support for this position, and it makes little sense. Defendant makes clear that he wants the Court to consider new evidence to reach a different conclusion than it had previously. This is the precise definition of a motion to reconsider. Moreover, because "the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration,'"[10] it makes no difference how Defendant attempts to characterize his Motion. The requested relief remains the same.

Defendant presents nothing to suggest that his newly produced declaration was previously unavailable. However, even assuming this constitutes new evidence warranting reconsideration, the Court concludes that it does not alter the Court's prior decision. Defendant's Motion argues that he did not receive notice of this lawsuit during the relevant limitations period. However, this argument is contradicted by Defendant's declaration, in which he states that he had heard of this lawsuit.[11] While Defendant states that he was only vaguely aware of the suit, he does not provide any information to support this statement.

Defendant's Motion also argues that Defendant was not involved in the jail's management. However, the Court's prior ruling was not dependent on such a finding. Rather, it was the fact that, at the time of Mr. Bradshaw's death, Defendant Rose held the same position as the previously named Defendant, continued to work at the jail, and allegedly participated in the actions that make up Plaintiff's claims. Thus, this additional evidence of Defendant's role at the

---

[9] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[10] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[11] Docket No. 107-1 ¶ 5.

jail does not compel a different conclusion.  Further, even applying the traditional summary judgment rubric, the parties' briefing demonstrates that there are disputed facts that preclude judgment as a matter of law.  Therefore, the Court will deny Defendant's Motion on this ground.

B.     FINAL JUDGMENT

Defendant next argues that, by operation of Federal Rule of Civil Procedure 58(c)(2)(B), judgment was entered 150 days after the Court's ruling on the prior defendants' motion for summary judgment.

Defendant's argument requires the Court to consider the interplay between various rules and statutes.  Federal Rule of Civil Procedure 54(a) provides that a "judgment" includes "any order from which an appeal lies."  28 U.S.C. § 1291 provides that appellate courts "have jurisdiction of appeals from all final decisions of the district courts of the United States."  A final decision must generally dispose of all claims by all parties.

> There is an exception to this general rule where the unadjudicated claims relate only to a defendant who was never served.  Under this exception, an order finally disposing of the interests of all defendants who have been served is appealable because the unserved defendant was never made a proper party to the action.[12]

Federal Rule of Civil Procedure 58 requires that judgment be set out in a separate document, except in certain circumstances not present here.  If a separate document is not entered when required, Rule 58(c)(2)(B) provides that judgment is entered 150 days from the date the final order is entered on the docket.

Defendant argues that, because the Court's summary judgment ruling resolved all claims against the only Defendants who had been made parties to this action, and only Plaintiff's claims against unserved Defendant Rose remained, judgment became final 150 days after the Court

---

[12] *Brown v. Fisher*, 251 F. App'x 527, 532 (10th Cir. 2007).

5

entered its summary judgment order on the docket.  Under the standards set forth above, Defendant's argument appears to have merit.  However, courts have refused to find the existence of a final, appealable order when it "is clear from the course of proceedings that further adjudication is contemplated."[13]  As the Circuit Court for the District of Columbia recently stated: "[W]hen a district court makes plain that it foresees further proceedings on unresolved claims against defendants who have yet to be properly served, a decision resolving all the claims against the properly served defendants is not a final, appealable judgment."[14]

Here, the Court's order on summary judgment clearly contemplated further proceedings on the unresolved claims against Rose.  The Court noted that the motion for summary judgment was only brought by Defendants Beaver County and Noel.  The Court went on to state: "Defendant Rose has not moved for summary judgment and this case will proceed as against him."[15]  The Court then directed the parties to submit a proposed scheduling order for the resolution of those claims.[16]  Based upon this contemplation of further proceedings, there was no final judgment and Defendant's reliance on Rule 58 is misplaced.

---

[13] *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 872 (9th Cir. 2004); *see also Brown*, 251 F. App'x at 533 (providing examples of when subsequent adjudication may prevent a judgment from becoming final).

[14] *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 507 (D.C. Cir. 2018).

[15] Docket No. 94, at 3.

[16] *Id.*

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant Rose's Motion to Dismiss (Docket No. 107) is DENIED. The previously ordered scheduling order is due within seven (7) days of this Order.  If the parties cannot agree to a scheduling order they must contact the Magistrate Judge by that same date.

DATED this 19th day of June, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge